NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 82 HEALTH CARE FUND, third-party healthcare payor fund; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TAKEDA PHARMACEUTICALS COMPANY LIMITED, a Japanese Corporation; et al., <br><br> Defendants-Appellees. | No.  18-55588 <br><br> D.C. No. 2:17-cv-07223-SVW-AS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted June 6, 2019
Seattle, Washington

Before:  BEA, NGUYEN, and WATFORD[**], Circuit Judges.

Plaintiffs, individual patients and third-party payor Painters and Allied

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Judge Watford was drawn to replace Judge Rawlinson.  Judge Watford has read the briefs, reviewed the record, and watched the recording of oral argument held on June 6, 2019.

Trades District Council 82 Health Care Fund, appeal the district court's orders

dismissing their civil claims under the Racketeer Influenced and Corrupt

Organizations Act ("RICO") for failure to allege sufficiently proximate cause and

their state-law consumer protection claims for related reasons.

1. We address Plaintiffs' civil RICO proximate cause arguments in a separate

opinion filed simultaneously with this memorandum disposition, and we reverse

the district court's holding that Plaintiffs failed sufficiently to allege Defendants'

actions and omissions were the proximate cause of their damages under RICO.[1]

2. California Claims: Plaintiff Snyder alleges that Defendants—Takeda

Pharmaceuticals Co., Takeda Pharmaceuticals USA, and Eli Lilly & Co.—violated

the California Consumer Legal Remedies Act, California's Unfair Competition

Law, and California's False Advertising Law. *See* Cal. Civ. Code § 1750; Cal.

---

[1] We reject Defendants' argument that Plaintiffs lack Article III standing for failure to allege an injury in fact. We have held in the consumer fraud context that where plaintiffs contend that they bought a product "when they otherwise would not have done so, because [Defendants] made deceptive claims and failed to disclose [known risks] . . . they have suffered an 'injury in fact'" sufficient to support Article III standing. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012). Here, Plaintiffs alleged that they purchased Actos, which they would not have done absent Defendants' fraudulent scheme to conceal Actos's risk of bladder cancer. Thus, Plaintiffs have alleged an injury in fact sufficient to support Article III standing.

The district court did not address Defendants' other alternative arguments applicable to Plaintiffs' RICO claims or the separate arguments that Defendant Eli Lilly raises in its answering brief regarding Plaintiffs' RICO and state law claims. We decline to address them in the first instance on appeal; the district court may address those issues on remand.

Bus. & Prof. Code §§ 17200, 17500. Each of these claims requires Snyder to plead economic injury, causation, and reliance. *Veera v. Banana Republic, LLC*, 211 Cal. Rptr. 3d 769, 776 (Ct. App. 2016). The district court held that Snyder failed to meet the pleading standard under Federal Rule of Civil Procedure 8 for reliance. But the district court ignored Snyder's specific allegations in the complaint: that (1) she was prescribed a 15 mg daily dose of Actos, (2) that prior to taking her prescription, she "read and relied upon the Actos label," (3) that information about Actos's risk of causing bladder cancer "is information that a reasonable consumer and prescriber would consider important in making a purchasing and prescribing decision," and (4) that had she known that Actos increased the risk of developing bladder cancer, "she would never have purchased and ingested the drug." These allegations, if true, plausibly state a claim that Snyder relied on Defendants' misrepresentation, which caused her to purchase a drug that she otherwise would not have bought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, we reverse the district court's holding that Snyder failed to allege reliance properly.

3. New Jersey Claim: Plaintiff Cardarelli alleges that Defendants violated the New Jersey Consumer Fraud Act ("NJCFA").[2] *See* N.J. Stat. Ann. § 56:8-1. The

---

[2] We reject Defendants' argument that Plaintiffs waived their New Jersey, Florida, Missouri, and Minnesota claims for failure to raise them in district court. Plaintiffs raised their state law claims in their complaint and responded to Defendants' arguments about their state law claims in their opposition to Defendants' motion to dismiss.

NJCFA has a similar proximate cause requirement to that required for civil RICO claims. *See Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 530–31 (D.N.J. 2011); *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, No. 2:06-CV-5774 (SRC), 2009 WL 2043604, at *31 (D.N.J. July 10, 2009). Because we conclude in the simultaneously filed opinion that Plaintiffs have adequately alleged their damages were proximately caused for their civil RICO claims, we likewise hold that Cardarelli has adequately alleged proximate cause for his New Jersey claim. Therefore, we reverse the district court's dismissal of Cardarelli's New Jersey claim for failure to allege proximate cause.

4. Florida Claim: The district court dismissed Plaintiff Buckner's claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") for failure to plead damages.[3] *See* Fla. Stat. § 501.201. But an allegation that the plaintiff "would not have bought" a product "if he had known the product was not safe for human consumption . . . satisfies the damages element of a FDUTPA claim."

---

[3] In dismissing Buckner's Florida claim, the district court cited a Florida case that held that damages based on "price inflation" are "too speculative." *See Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1336 (S.D. Fla. 2007). But Plaintiffs have abandoned their excess price damages theory that Florida has rejected on appeal. Instead, Plaintiffs pursue their quantity effect damages theory, that they "pa[id] for more prescriptions for Actos than would have otherwise occurred absent the RICO violations." As explained above, Florida law supports Plaintiffs' second theory of damages.

*Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1344 (S.D. Fla. 2011). Here, Buckner alleges that Defendants fraudulently concealed Actos's risk of causing bladder cancer, and that Buckner would not have purchased Actos if she had known about Actos's risk of causing bladder cancer. Accordingly, we reverse the district court's holding that Buckner failed to plead damages in her FDUTPA claim.[4]

5. Missouri Claim: Plaintiff Rose alleges that Defendants violated the Missouri Merchandising Practices Act ("MMPA"). *See* Mo. Rev. Stat. § 407.010. Under the MMPA, plaintiffs must plead an "ascertainable loss" that "was the result of an unfair practice." *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1011–12 (E.D. Mo. 2014). Missouri courts measure an "ascertainable loss" under the "benefit-of-the-bargain" rule, which "awards a prevailing party the difference between the value of the product as represented and the actual value of the product as received." *Id.* at 1012; *see also Plubell v. Merck & Co.*, 289 S.W.3d 707, 715 (Mo. Ct. App. 2009). This is similar to Plaintiffs' excess price damages theory, which they expressly abandoned on appeal. Thus, we affirm the district court's

---

[4] Defendants also argue that Buckner's FDUTPA claim fails under Florida's "safe harbor" provision, which provides that the FDUTPA "does not apply to . . . [a]n act or practice . . . specifically permitted by federal or state law." Fla. Stat. § 501.212(1). But Plaintiffs allege that Defendants' actions violated federal civil RICO and drug labeling laws. Because we must assume Plaintiffs' allegations are true, *Bain v. California Teachers Association*, 891 F.3d 1206, 1211 (9th Cir. 2018), Defendants are not covered by Florida's "safe harbor" provision.

dismissal of Plaintiff Rose's MMPA claim.

6.  Minnesota Claim: Plaintiffs argue that Takeda violated Minnesota Statutes §§ 325F.69(1), 325D.13, which address consumer fraud. Plaintiffs may assert violations of these statutes only if they seek a "public benefit." Minn. Stat. § 8.31(1); *Ill. Farmers Ins. Co. v. Guthman*, No. CV 17-270(RHK/SER), 2017 WL 3971867, at *3 (D. Minn. Sept. 7, 2017).

Plaintiffs do not seek a public benefit, as they ask only for damages (rather than injunctive relief), and they seek to remedy a past harm (rather than an ongoing harm). *Buetow v. A.L.S. Enters. Inc.*, 888 F. Supp. 2d 956, 961 (D. Minn. 2012); *Select Comfort Corp. v. Sleep Better Store, LLC*, 796 F. Supp. 2d 981, 986 (D. Minn. 2011). We affirm the district court's dismissal of Plaintiffs' Minnesota claim.

In sum, we **REVERSE** the district court's dismissal of Plaintiffs' RICO claims for lack of proximate cause. And we **REVERSE** the district court's dismissal of Plaintiffs' California, New Jersey, and Florida claims. But we **AFFIRM** the district court's dismissal of Plaintiffs' Missouri and Minnesota claims. We remand to the district court for further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.